**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **DONALD RAY LOGSDON, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| | ) | |
| **v.** | ) | **No. 21-253-KHV** |
| | ) | |
| **UNITED STATES MARSHAL SERVICE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

<u>**MEMORANDUM AND ORDER**</u>

Donald Ray Logsdon, Jr. filed suit pro se against the United States Marshal Service ("USMS") and three of its officers for excessive force in connection with his arrest in March of 2020. This matter is before the Court on plaintiff's numerous filings: <u>Appeal Of Minute Order #47 To The Head Judge Over This Case, Not To The U.S. Court Of Appeals</u> (Doc. #50) filed April 1, 2022, which the Court construes as an objection to the magistrate judge's order under Rule 72(a), Fed. R. Civ. P.; <u>Notice To The Court That The BOP Is Attempting To Override This Court's Order</u> (Doc. #56) filed April 13, 2022, which the Court construes as a renewed request for a copy of his presentence investigation report ("PSR"); <u>Motion For The Court To Amend This Case To Include The Following Along With Everything Else Previously Included</u> (Doc. #60) filed April 22, 2022; <u>Motion For The Court And The United States Probation Office To Stop Threatening Me</u> (Doc. #61) filed April 22, 2022, which the Court construes as a motion for protective order; <u>Objection</u> (Doc. #71) filed June 8, 2022, which the Court construes as a motion to reconsider the Order dated March 3, 2022; <u>Motion For The Court To Label All Mail To Me In This Case As "Special Mail, Open Only In Presence Of The Inmate"</u> (Doc. #72) filed June 10, 2022; and <u>Another Objection</u> (Doc. #77) filed June 15, 2022, which the Court construes as a

second motion to reconsider the Order dated March 3, 2022.   For reasons stated below, the Court overrules plaintiff's motions.[1]

<u>Analysis</u>

Initially, the Court notes that even before defendants have filed an answer, plaintiff has filed duplicative motions, numerous notices and various meritless objections.   The Court construes plaintiff's pro se complaint liberally and holds it to a less stringent standard than formal pleadings drafted by lawyers.   <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991).   The Court does not, however, assume the role of advocate for a pro se litigant.   <u>Id.</u>   A pro se litigant must "follow the same rules of procedure that govern all other litigants."   <u>Nielsen v. Price</u>, 17 F.3d 1276, 1277 (10th Cir. 1994).   The Court cautions plaintiff that with regard to future filings, it will not tolerate his failure to follow basic procedural rules or his filing of multiple documents asking for the same relief.   In addition, if plaintiff wants to inquire on the status of a motion or obtain a copy of a court filing, he should first attempt to do so through available means other than the filing of an additional motion.

I.    **Objection To Order Denying Plaintiff's Mileage Charge (Doc. #50)**

On March 18, 2022, Magistrate Judge Teresa J. James overruled plaintiff's request for reimbursement of $5.22 for mileage reimbursement for service of process on the USMS.   <u>See</u> <u>Order</u> (Doc. #47).   Because plaintiff provided no receipt or other evidence that he incurred the

---

[1]       Plaintiff has filed three other motions related to the status of his various requests. <u>See</u> <u>Notice To The Court That I Have Not Heard Back From The Court On My Motion Numbered Document 56</u> (Doc. #73) filed June 10, 2022, which the Clerk docketed as a motion on the status of his motion to require the United State Probation Office to resend his presentence investigation report; [<u>Motion For A Copy Of Memorandum And Order (Doc. #49)</u>] (Doc. #74) filed June 10, 2022; and [<u>Motion For Status Of Document Nos.</u>] 57, 58, 60, 61 (Doc. #75) filed June 10, 2022. Based on the other rulings in this order, the Court overrules these three motions as moot.

charge, Judge James denied his request for reimbursement.  See id.  Judge James noted that if the Bureau of Prisons ("BOP") had actually taken the amount from plaintiff's prison account, he could seek reimbursement again with proof of the charge for mileage.  See id.  On April 1, 2022, plaintiff filed an Appeal Of Minute Order #47 To The Head Judge Over This Case, Not To The U.S. Court Of Appeals (Doc. #50), which the Court construes as an objection to Judge James's order under Rule 72(a), Fed. R. Civ. P.

When reviewing a magistrate judge's order on a non-dispositive matter, the Court must consider timely objections and modify or set aside any part of the magistrate's order that is clearly erroneous or is contrary to law.  Fed. R. Civ. P. 72(a).  As explained above, Judge James gave plaintiff the opportunity to resubmit his request with the required proof.  Plaintiff objects to Judge James's order because he "was in fact charged $5.25" for mileage to serve process on the USMS. Appeal Of Minute Order #47 To The Head Judge Over This Case, Not To The U.S. Court Of Appeals (Doc. #50) at 1.  Plaintiff has attached an "inmate request to staff form" which apparently states under the "disposition" section that "you had a $20.11 PLRA payment on 1/25/22, they got $5.25 paid on 2/7/22."  Id. at 2.  The inmate request form includes sections for the signature of the staff member who responded to the inmate request and the date of the response, but neither section is completed.  Id.  The inmate request form—which plaintiff did not submit with his initial request for reimbursement—does not suggest that Judge James's order is clearly erroneous or contrary to law.  Accordingly, the Court overrules plaintiff's objection to Judge James's order.[2]

---

[2]      To the extent that plaintiff's objection could be construed as a renewed request for reimbursement, the Court overrules it without prejudice.  Because the USMS is located in the courthouse, it is not clear why the proof of service—presumably executed by a Deputy U.S. Marshal—includes charges for mileage reimbursement.  See Process Receipt And Return (Doc.

(continued . . .)

II.     **Notice About Presentence Investigation Report (Doc. #56)**

On March 31, 2022, the Court overruled without prejudice plaintiff's request for a copy of his entire PSR but ordered the United States Probation Office to provide plaintiff a copy of the picture on page two of the report.  See Memorandum And Order (Doc. #49).  Plaintiff filed a Notice To The Court That The BOP Is Attempting To Override This Court's Order (Doc. #56), which the Court construes as a renewed request for a copy of his PSR.

Plaintiff states that he did not receive a copy of the Court's order, which he assumes granted his motion for a copy of the PSR.   Plaintiff also asserts that the Probation Office sent him a copy of his PSR on April 6, 2022, but that BOP returned it.   As explained in the prior order, plaintiff has only shown that one picture in the PSR may be relevant to his claim of excessive force.  Plaintiff does not dispute that he received a copy of the picture on page two of the PSR.  See Motion For The Court And The United States Probation Office To Stop Threatening Me (Doc. #61) at 1 (probation office sent picture of me when USMS "assaulted me on 3-5-2020"); see also Motion For The Court To Amend This Case To Include The Following Along With Everything Else Previously Included (Doc. #60) at 1 (on April 19, 2022, I received correspondence from probation office which contained "picture of me . . . taken on 3-5-22 [sic] when the United States Marshal Service sent a number of Marshals to arrest me").   Accordingly, it appears that the Probation Office complied with the Court's order.   Except for the one picture in the PSR, plaintiff has not shown the potential relevance of the report.

---

[2](. . . continued)
#35) filed February 8, 2022 at 3.   Even so, because the BOP response to plaintiff's inquiry is unsigned, undated and does not clearly state that BOP deducted the money for mileage expenses from plaintiff's prison account, the Court overrules plaintiff's request.   Plaintiff may re-submit his request with the required proof that he incurred the mileage expense.

To the extent that plaintiff's motion could be construed as a motion to reconsider the Court's ruling overruling his request for a copy of the entire PSR, the Court overrules it.   The Court has discretion to reconsider a decision if the moving party can establish (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.   Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments or to dress up arguments that previously failed.   See United States v. Christy, 739 F.3d 534, 539 (10th Cir. 2014).   Plaintiff does not assert "new evidence" to support his request to reconsider.   His arguments also do not establish adequate grounds for reconsideration of the Court's ruling.   As explained in the prior order, before plaintiff's claim is further developed and defendants have responded and had an opportunity to assert defenses, the Court cannot determine whether various hearsay statements in the PSR are relevant.   The Court overruled plaintiff's request for the entire PSR *without prejudice*.   Therefore, if plaintiff can establish the relevance of the remainder of the PSR, he may renew his request.

In sum, the Court overrules plaintiff's renewed request for a copy of his presentence investigation report.   The Court directs the Clerk to send plaintiff a copy of the Memorandum And Order (Doc. #49).

### III.    Motion To Amend (Doc. #60) And Motion For Protective Order (Doc. #61)

Plaintiff asks for leave to amend the record to include the fact that in an effort to threaten him, the Probation Office sent a picture of him shortly after he was arrested.   Motion For The Court To Amend This Case To Include The Following Along With Everything Else Previously

Included (Doc. #60) at 1–2.   Plaintiff also asks the Court for an emergency protective order to stop the Probation Office from making similar threats.   Motion For The Court And The United States Probation Office To Stop Threatening Me (Doc. #61) at 1–2.   Plaintiff requested a copy of his PSR because he asserted that it contained pictures and statements which support his claim.   As explained above, the Court ordered the Probation Office to send plaintiff only the picture on page two of his PSR.   Plaintiff does not assert that the Probation Office sent a different picture. Plaintiff has not shown any basis to amend his claim or for a protective order.   The Court therefore overrules both motions.

## IV.   Objections To Order Dismissing USMS (Docs. #71 and #77)

On January 25, 2022, the Court ordered plaintiff to show cause why the USMS should not be dismissed because it is not a proper party in cases brought under Bivens v. Six Unknown Agents of Fed. Bur. Of Narcotics, 403 U.S. 388 (1999).   See Order To Show Cause (Doc. #22).   In response, plaintiff argued that the USMS should not be dismissed because the three officer defendants "were acting under the orders of the [USMS] in official, as well as [in their] individual capacit[ies]."   Response To Show Cause Order (Doc. #34) filed February 8, 2022.[3]   Because plaintiff did not dispute that he asserted Bivens claims and he did not explain how the USMS could be a proper defendant on such claims, the Court dismissed the USMS.   Order (Doc. #43) filed March 3, 2022 at 1–2.   Plaintiff has filed two objections to the Court's order, which the Court

---

[3]      Plaintiff complains that the Court "split" his response into a two part document. Another Objection (Doc. #77) at 2.   In the Response To Show Cause Order (Doc. #34), plaintiff responded to the show cause order and asked the Court to stop prison personnel from opening his legal mail.   The undersigned judge decided the sufficiency of plaintiff's show cause response, but the magistrate judge ruled on his objection about legal mail.   For administrative purposes only, the Clerk docketed a duplicate copy of plaintiff's Response To Show Cause Order (Doc. #34) as a "Motion To Stop The Prison From Opening And Copying His Legal Mail" (Doc. #42).

construes as motions to reconsider.

As explained above, the Court has discretion to reconsider a decision if the moving party can establish (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.  Servants of Paraclete, 204 F.3d at 1012. Plaintiff states that the Court has mischaracterized his claim as a Bivens claim, but he does not explain any other potential basis for his claim against the USMS.  See Objection (Doc. #71) at 1– 2.  Because the United States did not waive its sovereign immunity for constitutional torts asserted against federal agencies or the directors of those agencies in their official capacity, plaintiff cannot assert a Bivens claim against the USMS.  See FDIC v. Meyer, 510 U.S. 471, 484–85 (1994) (Bivens action not implied directly against federal agencies); Smith v. United States, 561 F.3d 1090, 1099 (10th Cir. 2009) (Bivens claims cannot be asserted directly against United States, federal officials in official capacities or federal agencies).   To the extent that plaintiff attempts to assert some other claim against the USMS, he may file a motion to amend in compliance with Rule 15 of the Federal Rules of Civil Procedure and Rule 9.2(c) of the local rules.[4]

---

[4]       For actions filed by incarcerated prisoners, Local Rule 9.2(c) requires as follows:

An original proposed amended pleading shall be signed and submitted with any motion for leave to amend a pleading.  The motion to amend must include a statement of the reasons for requesting permission to file an amended pleading. Unless otherwise permitted by the Court, each pleading to which an amendment is permitted as a matter of right, or which has been allowed by order of the Court, must be retyped or handwritten and filed so that it is complete in itself including exhibits, without reference to the superseded pleading.  Each amended pleading shall contain copies of all exhibits referenced in the amended pleading.

E.D. Okla. LCvR 9.2(c).

V.      **Motion About Mail Opening Procedures (Doc. #72)**

On March 18, 2022, Judge James denied plaintiff's motion to stop prison personnel from opening "special mail."   See Order (Doc. #48).   Judge James noted that because an envelope from the Court which included copies of orders was not marked "Special Mail-open only in the presence of the inmate," the BOP had no obligation to open it in plaintiff's presence.   See id.; see also 28 C.F.R. § 540.2 ("Special Mail" includes correspondence received from U.S. Courts, but for incoming correspondence to be processed under special mail procedures set forth in 28 U.S.C. §§ 540.18–540.19), sender must be adequately identified on envelope and front of envelope must be marked "Special Mail—Open only in the presence of the inmate").   Plaintiff now asks the Court to include "Special Mail-open only in the presence of the inmate" on all correspondence to him, but he has not shown a need for such a designation for the Court's orders which are publicly-available documents.   The Court therefore overrules his request.

**IT IS THEREFORE ORDERED** that plaintiff's Appeal Of Minute Order #47 To The Head Judge Over This Case, Not To The U.S. Court Of Appeals (Doc. #50) filed April 1, 2022, which the Court construes as an objection to Judge James's order under Rule 72(a), Fed. R. Civ. P, is **OVERRULED**.

**IT IS FURTHER ORDERED** that plaintiff's Notice To The Court That The BOP Is Attempting To Override This Court's Order (Doc. #56) filed April 13, 2022, which the Court construes as a motion to require the United State Probation Office to resend his presentence investigation report, is **OVERRULED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion For The Court To Amend This Case To Include The Following Along With Everything Else Previously Included (Doc. #60) filed

April 22, 2022 is **OVERRULED**.

      **IT IS FURTHER ORDERED** that plaintiff's <u>Motion For The Court And The United States Probation Office To Stop Threatening Me</u> (Doc. #61) filed April 22, 2022, which the Court construes as a motion for protective order, is **OVERRULED**.

      **IT IS FURTHER ORDERED** that plaintiff's <u>Objection</u> (Doc. #71) filed June 8, 2022, which the Court construes as a motion to reconsider the Order dated March 3, 2022, is **OVERRULED**.

      **IT IS FURTHER ORDERED** that plaintiff's <u>Motion For The Court To Label All Mail To Me In This Case As "Special Mail, Open Only In Presence Of The Inmate"</u> (Doc. #72) filed June 10, 2022 is **OVERRULED**.

      **IT IS FURTHER ORDERED** that plaintiff's <u>Notice To The Court That I Have Not Heard Back From The Court On My Motion Numbered Document 56</u> (Doc. #73) filed June 10, 2022, which the Clerk docketed as a motion on the status of his motion to require the United State Probation Office to resend his presentence investigation report, is **OVERRULED as moot.**

      **IT IS FURTHER ORDERED** that plaintiff's <u>[Motion For A Copy Of Memorandum And Order (Doc. #49)]</u> (Doc. #74) filed June 10, 2022 is **OVERRULED as moot.**

      **IT IS FURTHER ORDERED** that plaintiff's <u>[Motion For Status Of Document Nos.] 57, 58, 60, 61</u> (Doc. #75) filed June 10, 2022 is **OVERRULED as moot.**

      **IT IS FURTHER ORDERED** that plaintiff's <u>Another Objection</u> (Doc. #77) filed June 15, 2022, which the Court construes as a second motion to reconsider the Order dated March 3, 2022, is **OVERRULED**.

      **The Clerk is directed to mail plaintiff a copy of this <u>Memorandum And Order</u> and**

the **Memorandum And Order** (Doc. #49) filed March 31, 2022.

Dated this 27th day of June, 2022 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge