**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **DONALD RAY LOGSDON, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| | ) | |
| **v.** | ) | **No. 21-253-KHV** |
| | ) | |
| **UNITED STATES MARSHAL SERVICE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

_____

## <u>MEMORANDUM AND ORDER</u>

Donald Ray Logsdon, Jr. filed suit pro se against the United States Marshal Service ("USMS") and three of its officers, alleging excessive force in connection with his arrest in March of 2020.   On March 3, 2022, the Court dismissed the USMS.   <u>See</u> <u>Order</u> (Doc. #43).   On June 27, 2022, the Court overruled plaintiff's motion to reconsider the dismissal of the USMS. <u>See</u> <u>Memorandum And Order</u> (Doc. #85).   This matter is before the Court on plaintiff's <u>Motion For Summary Judgment And Brief</u> (Doc. #80) filed June 21, 2022; plaintiff's <u>Motion For Entry Of Default By The Clerk</u> (Doc. #82) filed June 24, 2022; <u>Plaintiff's Response And Objections To [Memorandum And Order] Document 85</u> (Doc. #95) filed August 18, 2022, which the Court construes as a motion to reconsider the Court's <u>Memorandum And Order</u> (Doc. #85); and plaintiff's <u>Appeal To Document 85, Section IV, Objections To Order Dismissing USMS (Docs #71 and #77)</u> (Doc. #94) filed August 18, 2022, which the Court construes as a second motion to reconsider the Court's <u>Memorandum And Order</u> (Doc. #85).   For reasons stated below, the Court overrules plaintiff's motions.[1]

_____

[1]     Plaintiff asks how—other than to file a motion—he can request copies of court documents.   <u>Plaintiff's Response And Objections To [Memorandum And Order] Document 85</u>

(continued . . .)

<u>**Analysis**</u>

**I.    Plaintiff's Motion For Summary Judgment And Motion For Default Judgment**

Plaintiff argues that because defendants did not file a timely answer, the Clerk should enter default and the Court should grant summary judgment in his favor.   The original deadline for defendants to file an answer or otherwise respond to plaintiff's complaint was June 21, 2022.   <u>See</u> Fed. R. Civ. P. 12(a)(3) (federal government officer or employee sued in individual capacity for act or omission in connection with government duties must serve answer within 60 days after service); <u>Process Receipt And Return</u> (Doc. #62) filed April 28, 2022 (U.S. Attorney General served on April 20, 2022.   On June 21, 2022, the Clerk granted defendants a 14-day extension to answer plaintiff's complaint, which extended the deadline to respond to July 5, 2022.   <u>See</u> <u>Minute Order</u> (Doc. #78).   On July 5, 2022, defendants filed a motion to dismiss.   <u>See</u> <u>Defendant Gilliam, Smith, And Vaughn's Motion To Dismiss</u> (Doc. #87).   Because defendants filed a timely motion to dismiss, the Court overrules plaintiff's motion for default and motion for summary judgment.

**II.    Plaintiff's Renewed Request For A Copy Of His Presentence Investigation Report**

On March 31, 2022, the Court overruled without prejudice plaintiff's request for a copy of his entire Presentence Investigation Report ("PSR") but ordered the United States Probation Office to provide plaintiff a copy of the picture on page two of the report.   <u>See</u> <u>Memorandum And Order</u> (Doc. #49).   On June 27, 2022, the Court overruled plaintiff's renewed request for a copy of his PSR.   Plaintiff asks the Court to reconsider this ruling.

---

[1](. . . continued)
(Doc. #95) at 1.   To the extent that plaintiff does not have electronic access to court documents, he can send a letter to the Clerk requesting copies of the documents.

The Court has discretion to reconsider a decision if the moving party can establish (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.  Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).  A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments or to dress up arguments that previously failed.  See United States v. Christy, 739 F.3d 534, 539 (10th Cir. 2014).

Plaintiff merely seeks to reargue the potential relevance of the PSR and has not shown a basis for the Court to reconsider its ruling.  Plaintiff's Response And Objections To [Memorandum And Order] Document 85 (Doc. #95) at 2.  In any event, discovery is stayed pending the Court's ruling on defendants' motion to dismiss.  See Order Staying Discovery And Pretrial Deadlines (Doc. #99) filed September 16, 2022.  If the Court overrules defendants' motion to dismiss, plaintiff can seek a copy of the statements in the PSR through the ordinary discovery process and raise his potential relevance arguments—if necessary—at that point.

## III.    Motion To Reconsider Order Dismissing USMS (Doc. #94)

On January 25, 2022, the Court ordered plaintiff to show cause why the USMS should not be dismissed because it is not a proper party in cases brought under Bivens v. Six Unknown Agents of Fed. Bur. Of Narcotics, 403 U.S. 388 (1999).  See Order To Show Cause (Doc. #22).  In response, plaintiff argued that the USMS should not be dismissed because the three officer defendants "were acting under the orders of the [USMS] in official, as well as [in their] individual capacit[ies]."  Response To Show Cause Order (Doc. #34) filed February 8, 2022.  Because plaintiff did not dispute that he asserted Bivens claims and he did not explain how the USMS could

be a proper defendant on such claims, the Court dismissed the USMS.  Order (Doc. #43) at 1–2. The Court previously overruled plaintiff's motions to reconsider the Court's order which dismissed the USMS.  See Memorandum And Order (Doc. #85).

Plaintiff again asks the Court to reconsider the dismissal of the USMS.  Appeal To Document 85, Section IV, Objections To Order Dismissing USMS (Docs #71 and #77) (Doc. #94) at 1.  As explained above, the Court has discretion to reconsider a decision if the moving party can establish (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.  Servants of Paraclete, 204 F.3d at 1012.

Plaintiff's arguments do not establish adequate grounds for reconsideration of the Court's ruling.  Plaintiff previously stated that the Court had mischaracterized his claim as a Bivens claim, but he did not explain any other potential basis for his claim against the USMS.  See Objection (Doc. #71) at 1–2.  Now, plaintiff appears to concede that he has asserted a Bivens claim against the USMS.  Appeal To Document 85, Section IV, Objections To Order Dismissing USMS (Docs #71 and #77) (Doc. #94) at 2 ("I filed a Bivens and . . . it is proper.").  As explained in prior orders, because the United States did not waive its sovereign immunity for constitutional torts asserted against federal agencies or the directors of those agencies in their official capacity, plaintiff cannot assert a Bivens claim against the USMS.  See FDIC v. Meyer, 510 U.S. 471, 484–85 (1994) (Bivens action not implied directly against federal agencies); Smith v. United States, 561 F.3d 1090, 1099 (10th Cir. 2009) (Bivens claims cannot be asserted directly against United States, federal officials in official capacities or federal agencies).  The Court therefore overrules

-4-

plaintiff's motion to reconsider the dismissal of his claim against the USMS.[2]

## IV. Plaintiff's Request About Mail Opening Procedures

On March 18, 2022, Magistrate Judge Teresa J. James denied plaintiff's motion to stop prison personnel from opening "special mail." See Order (Doc. #48). Judge James noted that because an envelope from the Court which included copies of orders was not marked "Special Mail-open only in the presence of the inmate," the BOP had no obligation to open it in plaintiff's presence. See id.; see also 28 C.F.R. § 540.2 ("Special Mail" includes correspondence received from U.S. Courts, but for incoming correspondence to be processed under special mail procedures set forth in 28 U.S.C. §§ 540.18–540.19, sender must be adequately identified on envelope and front of envelope must be marked "Special Mail—Open only in the presence of the inmate"). Previously, the Court overruled plaintiff's request to include "Special Mail-open only in the presence of the inmate" on all correspondence to him because he had not shown a need for such a designation for the Court's orders, which are publicly-available documents. See Memorandum

---

[2]     Plaintiff complains that he has not received a copy of "Document 42, the part 2 of 2 or Document 34, the part 1 of 2." Plaintiff's Response And Objections To [Memorandum And Order] Document 85 (Doc. #95) at 1. Plaintiff filed Document 34, which is his Response To Show Cause Order (Doc. #34). In that document, plaintiff responded to the show cause order and asked the Court to stop prison personnel from opening his legal mail. The undersigned judge decided the sufficiency of plaintiff's show cause response, but the magistrate judge ruled on his objection about legal mail. As the Court has previously explained, for administrative purposes only, the Clerk docketed a duplicate copy of plaintiff's Response To Show Cause Order (Doc. #34) as a "Motion To Stop The Prison From Opening And Copying His Legal Mail" (Doc. #42). The docket sheet states that Document 34 is "Part 1 of 2" and that Document 42 is "Part 2 of 2," but Document 42 is simply a duplicate of Document 34 and refiled solely because the Clerk referred the response in part to the undersigned judge and in part to the magistrate judge.

Plaintiff also states that he has yet to receive a copy of the Court's Memorandum And Order (Doc. #49) filed March 31, 2022. The Court directs the Clerk to send plaintiff a copy of the Memorandum And Order (Doc. #49).

And Order (Doc. #85) at 8.   Plaintiff now renews his request.   Plaintiff's Response And Objections To [Memorandum And Order] Document 85 (Doc. #95) at 2.   Plaintiff implies that prison officials have delayed the delivery of his legal mail, but he has not set forth the precise length of any such delays or explained how the delays have prejudiced him.   In addition, plaintiff has failed to explain why a designation on mail of "Special Mail—Open only in the presence of the inmate" would not further delay—rather than expedite—the delivery of his mail.   The Court therefore overrules plaintiff's renewed request for a special designation on mail sent from the Clerk.

V.      **Plaintiff's Request For An Attorney**

Plaintiff asks for an attorney because this case "is getting technical and I don't know what a lot of it means."   Plaintiff's Response And Objections To [Memorandum And Order] Document 85 (Doc. #95) at 3.   A litigant does not have a constitutional right to appointed counsel in a civil case.   Durre v. Dempsey, 869 F.2d 543, 547 (10th Cir. 1989) (per curiam).   Even so, under 28 U.S.C. § 1915(e)(1), the Court has discretion to ask an attorney to represent a litigant who is proceeding in forma pauperis.   See Johnson v. Johnson, 466 F.3d 1213, 1217 (10th Cir. 2006). In exercising this discretion, the Court considers (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in attempting to secure counsel, (3) the merits of plaintiff's claims and (4) plaintiff's ability to present the case without counsel.   Castner v. Colo. Springs Cablevision, 979 F.2d 1417, 1421 (10th Cir. 1992) (appointment of counsel under Title VII).   The Court recognizes that thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments.   Id.

Plaintiff has not addressed the above factors.   The Court has not fully assessed the merits

of plaintiff's claims but it is not apparent that they will survive the pending motion to dismiss.    In any event, plaintiff's claims are not particularly complex factually—he asserts that deputy marshals used excessive force during his arrest.    Plaintiff appears able to adequately present his claim.    At this preliminary stage and absent a showing of unsuccessful efforts to secure counsel on his own, the Court overrules plaintiff's request for counsel without prejudice.[3]

**IT IS THEREFORE ORDERED** that plaintiff's <u>Motion For Summary Judgment And Brief</u> (Doc. #80) filed June 21, 2022 is **OVERRULED**.

**IT IS FURTHER ORDERED** that plaintiff's <u>Motion For Entry Of Default By The Clerk</u> (Doc. #82) filed June 24, 2022 is **OVERRULED**.

**IT IS FURTHER ORDERED** that <u>Plaintiff's Response And Objections To [Memorandum And Order] Document 85</u> (Doc. #95) filed August 18, 2022, which the Court construes as a motion to reconsider the Court's <u>Memorandum And Order</u> (Doc. #85), is **OVERRULED**.

**IT IS FURTHER ORDERED** that plaintiff's <u>Appeal To Document 85, Section IV, Objections To Order Dismissing USMS (Docs #71 and #77)</u> (Doc. #94) filed August 18, 2022, which the Court construes as a motion to reconsider the Court's <u>Memorandum And Order</u> (Doc. #85), is **OVERRULED**.

**The Clerk is further directed to mail plaintiff a copy of this <u>Memorandum And Order</u> and the <u>Memorandum And Order</u> (Doc. #49) filed March 31, 2022.**

---

[3]    Plaintiff also asks for a copy of the Federal Rules of Civil Procedure.    Plaintiff currently is incarcerated in a United States Penitentiary and he has not explained any unsuccessful efforts to access a copy of the rules at his institution.    The Court therefore overrules plaintiff's request.

Dated this 5th day of October, 2022 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge