IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONALD RAY LOGSDON, JR., ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| v. ) | No. 21-253-KHV |
| ) | |
| UNITED STATES MARSHAL SERVICE, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM AND ORDER**

Donald Ray Logsdon, Jr. filed suit pro se against the United States Marshals Service ("USMS") and three of its officers (Phillip Gilliam, Jere Smith and Cody Vaughn), alleging excessive force during his arrest in March of 2020. On March 3, 2022, the Court dismissed the USMS. See Order (Doc. #43). On October 21, 2022, the Court overruled Defendant Gilliam, Smith, And Vaughn's Motion To Dismiss (Doc. #87) filed July 5, 2022. See Memorandum And Order (Doc. #105). This matter is before the Court on Defendant Gilliam, Smith, And Vaughn's Motion For Reconsideration Of Order (Doc. #105) (Doc. #112) filed November 17, 2022. For reasons stated below, the Court sustains defendants' motion and dismisses this case for failure to state a claim on which relief can be granted.

**Legal Standards**

The Court has discretion to reconsider a decision if the moving party can establish (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). Such motions are not appropriate to ask the Court to revisit issues already addressed or to

hear new arguments or supporting facts that could have been presented originally. See Matosantos Commercial Corp. v. Applebee's Int'l, Inc., 245 F.3d 1203, 1209 n.2 (10th Cir. 2001). Reconsideration may be appropriate, however, if the Court has misapprehended the facts, a party's position or the controlling law. See Servants of Paraclete, 204 F.3d at 1012.

In ruling on a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement to relief. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible—not merely conceivable—on its face. Id. at 679–80; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To determine whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. Iqbal, 556 U.S. at 679.

The Court need not accept as true those allegations which state only legal conclusions. See id. at 678. Plaintiff makes a facially plausible claim when he pleads factual content from which the Court can reasonably infer that defendants are liable for the misconduct alleged. Id. However, plaintiff must show more than a sheer possibility that defendants have acted unlawfully—it is not enough to plead facts that are "merely consistent with" defendants' liability. Id. (quoting Twombly, 550 U.S. at 557). A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not stand. Id. Similarly, where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not "shown"—that the pleader is entitled to relief. Id. at 679. The degree of specificity necessary to establish plausibility and fair notice depends on context; what constitutes fair notice

under Fed. R. Civ. P. 8(a)(2) depends on the type of case.  Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008).

The Court construes plaintiff's pro se complaint liberally and holds it to a less stringent standard than formal pleadings drafted by lawyers.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court does not, however, assume the role of advocate for a pro se litigant.  Id. A pro se litigant must "follow the same rules of procedure that govern all other litigants."  Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994).

## Factual Background

As noted in the Court's Memorandum And Order (Doc. #105), plaintiff's complaint, as supplemented by documents subject to judicial notice, alleges as follows:

On March 5, 2020, Deputy U.S. Marshals Gilliam, Smith and Vaughn executed a state court warrant for plaintiff's arrest on a charge of assault with a dangerous weapon.[1]  Defendants secretly approached plaintiff after dark while he was working on a generator outside a friend's house.  Without announcing their presence, Gilliam ran up behind plaintiff and kicked him in the face, which left him unconscious.  For some two minutes, Gilliam, Smith and Vaughn took turns stomping on plaintiff, who never attempted or even had an opportunity to resist.

On October 14, 2020, plaintiff pled guilty to one count of possession of a firearm and ammunition by a convicted felon.  Specifically, plaintiff admitted that on March 5, 2020, he unlawfully possessed a .38 Special caliber revolver and five rounds of ammunition.

Plaintiff filed suit pro se against the USMS, Gilliam, Smith and Vaughn alleging excessive

---

[1] Plaintiff's complaint refers to Gilliam, Smith and Vaughn as "United States Marshals," Complaint For A Civil Case (Doc. #1) filed August 25, 2021 at 5–6, but he does not dispute that each of them were either Deputy or Special Deputy U.S. Marshals.

force during his arrest.  Plaintiff asserts his claim under Bivens v. Six Unknown Agents of Fed. Bur. Of Narcotics, 403 U.S. 388 (1971).  On March 3, 2022, the Court dismissed the USMS.  On October 21, 2022, the Court overruled Defendant Gilliam, Smith, And Vaughn's Motion To Dismiss (Doc. #87) filed July 5, 2022.  See Memorandum And Order (Doc. #105).

## Analysis

Defendants ask the Court to reconsider the order which overruled their motion to dismiss. Specifically, defendants ask the Court to reconsider whether the allegations in plaintiff's complaint present a new Bivens context and whether special factors counsel against the judicial creation of a Bivens remedy in this case.

In Bivens, under general principles of federal jurisdiction, the Supreme Court created a cause of action under the Fourth Amendment against federal agents who allegedly entered plaintiff's home, manacled him and threatened his family while arresting him for narcotics violations.  Egbert v. Boule, 142 S. Ct. 1793, 1802 (2022) (citing Bivens, 403 U.S. at 397 and Ziglar v. Abbasi, 137 S. Ct. 1843, 1854 (2017)).  Since Bivens was decided in 1971, the Supreme Court has created new causes of action in only two other circumstances: (1) a sex discrimination claim for a former congressional staffer under the Fifth Amendment and (2) an inadequate care claim for a federal prisoner under the Eighth Amendment.  Egbert, 142 S. Ct. at 1802 (citations omitted).

As explained in the Court's Memorandum And Order (Doc. #105), to determine whether plaintiff has stated a claim under Bivens, the Court applies a two-step inquiry.  Id. at 1803.  First, the Court determines whether plaintiff's complaint alleges facts which present a "new Bivens context," i.e. a context "'meaningful[ly]" different from the three cases in which the Supreme

Court has implied a damages action. Id. (quoting Ziglar, 137 S. Ct. at 1859–60). Examples of how a case might differ in a meaningful way include "the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous Bivens cases did not consider." Ziglar, 137 S. Ct. at 1860. Second, if plaintiff's claim presents a new context, the Court cannot recognize a Bivens remedy if "special factors" indicate that "the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" Egbert, 142 S. Ct. at 1803 (quoting Ziglar, 137 S. Ct. at 1858). The Supreme Court recently noted that the two steps often resolve to a single question: "whether there is any reason to think that Congress might be better equipped to create a damages remedy." Id. If a court finds "even a single reason to pause before applying Bivens in a new context," it should not recognize a Bivens remedy. Id. (quotation marks and citations omitted).

Here, plaintiff alleges that even though he did not know officers were present and had no opportunity to resist, Gilliam ran up behind him and kicked him in the face, and that while he was unconscious, Gilliam, Smith and Vaughn took turns stomping on him for some two minutes. The Court previously found that plaintiff's complaint asserts facts that are not meaningfully different than the circumstances in Bivens because (1) both cases involve rank-and-file federal law enforcement officers making arrests, (2) the constitutional right under the Fourth Amendment to be free from excessive force during an arrest and the legal mandate which governs the officers'

conduct are the same, (3) the Supreme Court and the Tenth Circuit have provided extensive judicial guidance on how much force officers can use to arrest an individual and (4) unlike Egbert, which involved national security considerations raised in an excessive force claim against a Border Patrol agent, plaintiff's case presents a garden variety claim that officers employed "unreasonable force . . . in making the arrest." Memorandum And Order (Doc. #105) at 5 (quoting Bivens, 403 U.S. at 389).

Shortly after the Court ruled on defendants' motion to dismiss, the Ninth Circuit decided Mejia v. Miller, 53 F.4th 501 (9th Cir. Nov. 14, 2022). There, Denise Mejia alleged that a Bureau of Land Management ("BLM") officer used excessive force when he shot her in an attempt to stop and arrest her. 53 F.4th at 503. The Ninth Circuit held that Mejia's complaint presented a new Bivens context because (1) the officer was employed by a different federal agency than the officer in Bivens (the BLM rather than the Bureau of Narcotics) and (2) unlike Bivens where the unreasonable government intrusion occurred in plaintiff's home, the BLM officer attempted to arrest Mejia on public lands. 53 F.4th at 506. The Ninth Circuit also concluded that special factors counseled against implying a new Bivens cause of action because (1) permitting excessive force claims against BLM officers would have "systemwide consequences" for BLM's mandate to maintain order on public lands and (2) Mejia had alternative remedies including administrative remedies with the BLM and potential claims under the Federal Tort Claims Act ("FTCA"). Id.

On reconsideration of defendants' motion to dismiss, the Court now concludes that defendants' motion should be sustained because plaintiff's allegations present a new Bivens context and no Bivens remedy should be implied. Plaintiff's allegations and Bivens both include allegations that officers employed "unreasonable force . . . in making the arrest." Bivens, 403

U.S. at 397. And, as explained in the prior order, the same general legal principles which prohibit excessive force during an arrest apply in a variety of contexts. Even so, plaintiff's allegations are materially different from Bivens in several important aspects. Most critically, officers arrested plaintiff outside a friend's house, unlike the unreasonable officer intrusion and arrest inside plaintiff's home in Bivens. See Mejia, 53 F.4th at 506 (new Bivens context because events took place on public lands where plaintiff had no expectation of privacy, not in her home); Young v. City of Council Bluffs, Ia., 569 F. Supp. 3d 885, 893–94 (S.D. Iowa 2021) (new context because officers arrested plaintiff outside his home). Next, unlike the warrantless arrest in Bivens, the officers here had an arrest warrant for plaintiff. See Cienciva v. Brozowski, No. 3:20-cv-2045, 2022 WL 2791752, at *9 (M.D. Pa. July 15, 2022) (new context because officers had arrest warrant); Young, 569 F. Supp. 2d at 893–94 (same). Finally, the officers here were employed by the U.S. Marshals Service, not the Bureau of Narcotics (or its successor agency, the Drug Enforcement Administration) involved in Bivens. See Egbert, 142 S. Ct. at 1803 (case with new category of defendants is new Bivens context because it presents potential special factors); see also Mejia, 53 F.4th at 506 (new context because BLM officers new category of defendants); Lewis v. Westfield, No. 16-cv-1057-RPKTAM, 2022 WL 16924177, at *3 (E.D.N.Y. Nov. 14, 2022) (excessive force claims present new context because defendants are Deputy Marshals, not federal narcotics agents); Senatus v. Lopez, No. 20-CV-60818, 2022 WL 16964153, at *5 (S.D. Fla. Oct. 12, 2022) (claims against deputized U.S. Marshals are extension of Bivens into "new context"), report and recommendation adopted, 2022 WL 16961323 (S.D. Fla. Nov. 16, 2022).

Because plaintiff has alleged facts in a different context than Bivens, the Court assesses whether special factors counsel against allowing this damage action to proceed. Egbert, 142 S.

Ct. at 1803. Here, two special factors counsel against permitting plaintiff's Bivens action to proceed. First, courts are "not undoubtedly better positioned than Congress to create a damages action" for claims against a new category of defendants such as Deputy U.S. Marshals. Id. (cases that involve new category of defendants "represent situations in which a court is not undoubtedly better positioned than Congress to create a damages action"). "In all but the most unusual circumstances, prescribing a cause of action is a job for Congress, not the courts." Id. at 1800; see id. at 1810 (Gorsuch, J., concurring in the judgment) (if "only question is whether a court is 'better equipped' than Congress to weigh the value of a new cause of action, surely the right answer will always be no."). Second, for a claim that a Deputy U.S. Marshal engaged in wrongful conduct, an aggrieved individual has several alternative remedies including an administrative grievance, the FTCA or Section 3724 of Title 31.[2] Because such alternative remedial structures

---

[2]   See FTCA, 28 U.S.C. § 2679(b)(1) (suit against United States exclusive remedy for injury resulting from negligent or wrongful conduct of government employee while acting within scope of office or employment); 31 U.S.C. § 3724(a) (if claim may not be settled under FTCA, Attorney General may settle claim for up to $50,000 for personal injury, death or property damage by federal investigative or law enforcement officer).

Individuals who assert that USMS personnel engaged in misconduct may file an administrative grievance online with the USMS or through the mail with the Office of General Counsel for the USMS. See Complaint Regarding USMS Personnel or Programs, https://www.usmarshals.gov/forms/complaint-form.pdf (last visited Jan. 5, 2023); Instructions For Submitting An Administrative Tort Claim With The United States Marshals Service, https://www.usmarshals.gov/resources/publications/instructions-submitting-administrative-tort-claim-us-marshals-service (last visited Jan. 5, 2023). In turn, the Director of USMS shall investigate any "alleged improper conduct" of USMS personnel. 28 C.F.R. § 0.111(n).

Individuals also can report misconduct related to a USMS employee to the Department of Justice's Office of the Inspector General (OIG)." https://www.usmarshals.gov/report-fraud-waste-and-abuse (last visited Jan. 5, 2023); see also Complaint to DOJ Office of Inspector General, https://oig.justice.gov/hotline/submit_complaint. In turn, the Attorney General (through the Department of Justice's OIG) has authority to investigate any alleged misconduct. See 28 C.F.R. § 0.5(a) (Attorney General shall supervise and direct administration and operation of DOJ, including offices of U.S. Marshals, which are within DOJ); Report to Congress on Implementation

(continued. . .)

exist, "that alone, like any special factor, is reason enough to limit the power of the Judiciary to infer a new Bivens cause of action." Egbert, 142 S. Ct. at 1804 (quotations and citations omitted); see Silva v. United States, 45 F.4th 1134, 1141 (10th Cir. 2022) (because Bivens "is concerned solely with deterring the unconstitutional acts of individual officers," availability of BOP Administrative Remedy Program forecloses prisoner's Bivens claim for excessive force) (quoting Egbert, 142 S. Ct. at 1806).

Plaintiff argues that the Court should allow his Bivens claim to proceed because he is in prison and has no way to access the online forms to file an administrative complaint. Plaintiff does not explain, however, why he could not have requested such forms—and sent them back to the USMS or the Department of Justice's OIG—through the U.S. mail system. In addition, plaintiff's alleged lack of access to the internet or to certain standard forms did not preclude him from asserting an FTCA claim. To initiate an FTCA claim, plaintiff needed to simply present his claim to the appropriate federal agency by submitting "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." Est. of Trentadue ex rel. Aguilar v. United States, 397 F.3d 840, 852 (10th Cir. 2005) (quotation marks and citation omitted).[3] Plaintiff could have accomplished this

---

[2](. . . continued)
of Section 1001 of the USA PATRIOT Act, No. 22-102 (Sept. 2022), https://oig.justice.gov/sites/default/files/reports/22-102.pdf (last visited Jan. 5, 2023) (OIG may "investigate allegations of criminal wrongdoing or administrative misconduct" by DOJ employee or refer such allegations to agency internal affairs office).

[3] See also 28 U.S.C. § 2675(a) (to file action against United States for money damages for injury caused by negligence or wrongful conduct of government employee, claimant must first present "claim to the appropriate Federal agency"); Staggs v. United States, 425 F.3d 881, 884 (10th Cir. 2005) (claim properly presented if language of claim serves due notice that agency should investigate possibility of potentially tortious conduct).

prerequisite under the FTCA without a computer or a specific form.  See https://www.justice.gov/civil/documents-and-forms-0 (last visited Jan. 5, 2023) ("Standard Form 95 is not required to present a claim under the FTCA, but it is a convenient format for supplying the information necessary to bring an FTCA claim.").  Even if plaintiff had somewhat limited access to the alternative remedial structures for administrative or FTCA claims because of his imprisonment, and even if the alternative remedies do not provide complete relief, the fact that such alternative remedial structures exist is sufficient to "limit the power of the Judiciary to infer a new Bivens cause of action."  Egbert, 142 S. Ct. at 1804 (quoting Ziglar, 137 S. Ct. at 1858).

In sum, because courts are not undoubtedly better positioned than Congress to create a damages action against Deputy U.S. Marshals and plaintiff has alternative remedies, the Court declines to infer and create a new Bivens cause of action in this case.  The Court therefore sustains defendants' motion to reconsider and dismisses plaintiff's complaint against the individual defendants for failure to state a claim on which relief can be granted.

**IT IS THEREFORE ORDERED** that Defendant Gilliam, Smith, And Vaughn's Motion For Reconsideration Of Order (Doc. #105) (Doc. #112) filed November 17, 2022 is **SUSTAINED**.  The Court dismisses plaintiff's Complaint For A Civil Case (Doc. #1) filed August 25, 2021 against the individual defendants for failure to state a claim on which relief can be granted.  Because the Court previously dismissed the United States Marshals Service, see Order (Doc. #43) filed March 3, 2022, the Clerk is directed to enter judgment in favor of defendants.

Dated this 13th day of January, 2023 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge